PITTMAN, next friend, *vs.* MATTHEWS *et al.*

The limitation provided by the act of 1876 for the bringing of suit to recover homesteads previously sold made no exception in favor of minors and married women, and it operated upon their right of action as upon that of persons *sui juris.*

Statute of limitations. Homestead. Minors. Married women. Before Judge ERWIN. Clarke Superior Court. November adjourned term, 1880.

Reported in the decision.

POPE BARROW; E. T. BROWN, for plaintiff in error.

JACKSON & THOMAS; S. P. THURMOND, for defendants.

CRAWFORD, Justice.

Burrell H. Yerby, in December, 1869, had set apart to him a homestead; in August, 1874, he sold it, made a fee simple title thereto, and the purchaser entered into possession in the November following. In October, 1880, M. D. L. Pittman, as the next friend of the wife and children of the said Yerby, filed this bill to recover the possession of the said homestead lands, and to have the said parties reinstated as the beneficiaries thereof with their original rights. He prayed the cancellation of the deeds, and that the defendants be enjoined from selling or in any wise alienating the lands.

Two of the defendants resisted the application for injunction, relying upon the want of equity in the bill, the statute of limitations, and the absence of all right of action in the complainant. The injunction was refused, the bill dismissed, and the complainant excepted.

The only question made by this record which is necessary for us to decide is, whether or not the rights of the parties represented by the complainant have not been for-

ever barred under the act of the general assembly of February 15th, 1876.

By the 11th section of the act providing for the laying off of homesteads under the constitution of 1868, provision was made for the sale of the same, and these sales had been made to such an extent that when this court declared that section unconstitutional, and all sales under it illegal, the legislature felt called upon to interpose and protect, as far as possible, the purchasers of such property, and preserve, at the same time, the rights of the beneficiaries.

The act of 1876 above referred to was then passed, and by its caption was enacted to provide for the adjustment of the rights of parties in cases where property, which had been set apart as homesteads, had theretofore been sold. Its provisions were intended to cover all conditions of such sales, and remanded parties interested, to an adjudication of their rights to courts of equity, which alone was to have jurisdiction to hear and determine them. There was, however, one limitation resting upon the parties, which was that all suits should be brought within six months from the passage of the act, or the right of the party complainant and all right of suit for its enforcement should be forever barred.

These complainants allowed the six months given by the statute to pass, and four years more, before this suit was brought. To hold, therefore, that it could now be maintained, would be virtually to repeal the law.

But it is said that these parties were and are now under disabilities, and that they should be entitled to six months after their removal to bring their suit.

To allow this construction would be to defeat the very object sought to be accomplished by the act, which we understand to have been a speedy and equitable settlement of these titles. But to construe the law otherwise would be to hold that after the minors had attained their majority, and within six months thereafter, they could re-

assert their interest in lands which were set apart particularly for their benefit during their minority. And when the wife became discovert, which might be a half century, that she could then come and bring suit for this homestead land. We cannot so hold.

When this case was called a motion was made to dismiss for want of service on the defendants not demurring to the bill. Under this motion, if allowed, its effect would have been simply to affirm the judgment, and as that which we have pronounced does the same thing, we prefer to give it that direction, and therefore have not ruled upon it.

Judgment affirmed.