ROWAN, guardian, *vs.* MCCURRY *et al.*

1. A charge in a bill filed by the beneficiaries of a homestead estate to recover the same from a purchaser thereof, that the sale was induced by the fraudulent conduct of said purchaser, which was not discovered until within less than six months before the filing of the bill, will not relieve the case from the operation of the act of February 15, 1876, imposing a limitation upon suits brought to recover homesteads sold before the passage of that act.

(*a.*) No exception was made in that act as to the manner in which the homestead was conveyed, whether in good or bad faith; whenever

conveyed at all, it was the purpose of the act to provide for the most ample and speedy restoration of the respective rights of the parties as nearly as practicable.

Homestead. Statute of Limitations. Fraud. Before Judge HARRIS. Campbell Superior Court. August Term, 1881.

Reported in the decision.

P. F. SMITH; R. T. DORSEY; A. C. KING, for plaintiff in error.

THOS. W. LATHAM; L. E. BLECKLEY, for defendants.

CRAWFORD, Justice.

This bill was filed by Matilda Rowan, as guardian of the minor children of Joseph Brantley, to recover a homestead which the said Joseph sold and conveyed, in 1874, to the defendant, W. A. McCurry.

The ground upon which the complainant rests the right to recover the homestead property is, that the said Joseph Brantley was fraudulently induced by the corrupt conduct of the defendant to sell and convey to him the said homestead property, when it was well known to the said defendant that the said property had been set apart as a homestead for the benefit of the said minor children. The bill was filed, and made returnable to the August term, 1878, of the superior court of Campbell county.

To this bill a demurrer was filed upon several grounds, one of which was that the suit was barred by the statute of February 15th, 1876, and upon this the demurrer was sustained and the bill dismissed.

Whilst there are other questions made by the record, this must control the case, and we proceed to rule it. In the case of *Pittman, next friend, etc., vs. Matthews*, 66 *Ga.*, 600, this court held, that the limitation provided by the act of 1876, for bringing suits to recover

homesteads, made no exception in favor of minors and married women, so as to allow them six months after the removal of their disabilities, and within which their right of action should not be barred.

It is sought by this bill to remove the bar of the statute upon the ground of fraud in the defendant, and it is insisted that the suit having been brought within six months of its discovery the same should be maintained.

We recognize the general principle here insisted upon to its fullest extent, but it is to be remembered that these homestead rights are allowed under a policy of the state, and are to be enjoyed and governed alone by that policy. Many of them, prior to the act of 1876, had been illegally sold, as ruled by this court, and the object of that act was to provide for a speedy adjustment of the rights of all parties under such illegal sales. It was immaterial for what reason the sales were illegal in so far as the rights of the parties were concerned. No exception was made as to the manner in which the homestead was conveyed—whether in good or bad faith; wherever conveyed at all, it was the purpose of the act to provide for the most ample and speedy restoration of the respective rights of the parties as nearly as practicable. But the legislature, in its wisdom, declared that all the proceedings for the recovery of such property under that act should be confined to courts of equity, and should be brought within six months after the passage of the act, or the right of the party complainant, and all right of suit for its enforcement, should be forever barred.

This suit is brought under the act and after the lapse of six months. The evident policy of the state was to have all conflicting rights arising out of the sales of these homesteads settled at once, hence there was no saving clause in favor of anybody, nor for any reason.

The right upon which this complainant rests her equity under this act, if it exists to-day, would equally exist fifteen or twenty years hence, or even longer, if the fraud

should not be discovered until that time, and the parties were still entitled as beneficiaries.

We are clearly and decidedly of the opinion that the demurrer was well taken and properly sustained.

Judgment affirmed.